UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENNETH T. CARRIER,

        Plaintiff,

Case No. 06-14185

v.

Honorable Julian Abele Cook, Jr.

LJ ROSS AND ASSOCIATES,

        Defendant.


ORDER

This litigation involves a claim by the Plaintiff, Kenneth T. Carrier, that the Defendant, LJ Ross and Associates ("LJ Ross"), engaged in an unlawful practice of harassment in an attempt to collect a debt that he does not owe, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. A jury trial is scheduled to begin on February 26, 2008. The parties have each filed one motion in limine, both of which will be examined by the Court seriatim.

I.     The Defendant's Motion to Exclude the Plaintiff's Evidence of Emotional Distress Damages

On February 11, 2008, the Defendant filed a motion in limine, in which it seeks to preclude the Plaintiff from introducing any evidence of "emotional distress" during the trial that would ostensibly support his quest for damages. The Plaintiff opposes this motion, claiming that he should be permitted to proffer evidence of the emotional upheaval which was suffered by him as the result of over fifty harassing telephone calls from the Defendant's representatives who wrongly sought to obtain payment for an obligation that was known by them to have been covered by his insurance.

Without addressing the harassment issue, the Court must initially seek to determine if the Plaintiff's emotional damage claim is relevant to this controversy. An examination of the pleadings in this action does not support the Plaintiff's desire to proffer testimony regarding the emotional distress that he claims to have suffered. There is no language or wording within the complaint, the joint final pre trial order or any other pleading which contains a reference to emotional damages. In his opposition to the motion, the Plaintiff appears to imply that this "emotional distress" issue has been subsumed into his "actual damages" claim under the Fair Debt Collection Practices Act.

Contrary to the Plaintiff's argument on this issue, he - as the proponent of the emotional damages claim - has the burden of submitting a pleading that is reasonably specific in its wording which would enable the opposing party to know the nature and the breadth of the allegations.[1] Under these circumstances, it is clear that the Defendant was never put on notice that the Plaintiff sought to obtain anything more in this case than actual damages. Arguably, if the Defendant had been made aware of the Plaintiff's claim for emotional damages, it could have undertaken appropriate steps to counter his contention on this issue. Moreover, the Plaintiff has not cited any statute or case to support his argument. Therefore, any evidence of emotional damages would not be relevant under Fed. R. Evid. 402[2] to his claims against the Defendant. As such, the Court will grant the Defendant's motion, and, in so doing, it will preclude the Plaintiff from introducing evidence for the purpose of proving any alleged emotional damages.

II.     The Plaintiff's Motion to Exclude any Tape, CD, DVD or Recording of any Conversation

---

[1] Fed. R. Civ. P. 8(a)(2) requires that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

[2] Fed. R. Evid. 402 states the following: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

<u>Between the Plaintiff and the Defendant without the Consent of both Parties</u>

The Plaintiff requests that the Court bar the Defendant from introducing any recordings of his conversations with its representatives. In support of his motion, he contends that (1) these recordings were created illegally according to Michigan law, (2) the probative value of these proposed exhibits is substantially outweighed by the danger of unfair prejudice, and (3) the recordings are hearsay under the Federal Rules of Evidence. The Plaintiff contends, without citing any authority, that Michigan is a "two-party consent state" which mandates that "[i]f there are more than two people involved in the conversation, all must consent to the taping." He also points to a Michigan statute (to wit, Mich. Comp. Laws § 750.539c),[3] which states, in part, that "a conversation cannot be overheard or recorded without the consent of all participants." Furthermore, the Plaintiff cites to a Michigan Supreme Court case for the proposition that (1) a participant in a conversation "may not unilaterally nullify other participants' expectations of privacy by secretly broadcasting the conversation" and (2) the overriding inquiry for a court to consider is whether the parties "intended and reasonably expected that the conversation was private." *Dickerson v. Raphael,* 601 N.W. 2d 108 (Mich. 1999). Finally, he points to two Federal Rules of Evidence which, in his judgment, support the argument for the exclusion of the taped recordings; namely(1) Fed. R. Evid. 802 which defines hearsay evidence,[4] and (2) Fed. R. Evid. 403 which authorizes the preclusion of evidence if its probative value is substantially outweighed by

---

[3] This statute states the following: "Any person who is present or who is not present during a private conversation and who wilfully uses any device to eavesdrop upon the conversation without the consent of all parties thereto, or who knowingly aids, employs or procures another person to do the same in violation of this section, is guilty of a felony punishable by imprisonment in a state prison for not more than 2 years or by a fine of not more than $2,000.00, or both."

[4] Fed. R. Evid. 802 states the following: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."

"the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In its opposition papers, the Defendant, while generally contending that all of the Plaintiff's arguments are without merit makes several arguments. First , it submits that the Michigan statute (Mich. Comp. Laws § 750.539c), upon which the Plaintiff relies, does not prohibit a party to a telephone conversation from tape recording a conversation absent the consent of all other participants. *Sullivan v. Gray*, 324 N.W.2d 58, 59 (Mich. Ct. App. 1982). Second, the Defendant contends that the Plaintiff's reliance on *Dickerson* is inapplicable because the plaintiff in that case was a talk show host – a third party – who recorded a telephone conversation without the consent of both parties to the conversation while simultaneously secretly broadcasting it over the air waves. *Dickerson v. Raphael*, 222 Mich. App. 185 (Mich. Ct. App. 1997), *rev'd* 461 Mich. 851 (Mich. 1999). Here, the Defendant asserts that (1) there is no third party in this case, and (2) the Plaintiff was advised by the Defendant that their telephone conversation was being recorded.[5]

The Defendant also disputes the Plaintiff's contention that (1) the admission of these telephone conversations would be more prejudicial than probative, (2) it violated 15 U.S.C. § 1692e(11) which requires a debt collector to disclose that its telephone calls are communications from a debt collector, and (3) these challenged telephone calls are hearsay.

In its assessment of these arguments, the Court concludes that (1) Mich. Comp. Laws § 750.539c is not applicable here because the recordings were neither made by a third-party eavesdropper nor secretly published; (2) the probative value of the taped recordings outweighs any prejudicial effects that they may have under Fed. R. Evid. 403; and (3) the projected statements

---

[5] In addition, the Defendant claims that it was informed by the Plaintiff that he was also recording some of their telephone conversations.

in the recordings are not hearsay, as defined by Fed. R. Evid. 801(c) because they are not being proffered to prove the "truth of the matter asserted."

Thus and for the reasons that have been stated above, the Plaintiff's motion to exclude the recordings of any conversations between the Plaintiff and the Defendant shall be, and is, denied.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: <u>February 26, 2008</u><br>      Detroit, Michigan | <u>s/ Julian Abele Cook, Jr.</u><br>JULIAN ABELE COOK, JR.<br>United States District Court Judge |

Certificate of Service

I hereby certify that on February 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk